IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT PERKINS, # 309-116 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. ELH-14-219 |
| | * | |
| JEAN A. MIDY, et al. | * | |
| | * | |
| Defendants | * | |

***

**MEMORANDUM**

Robert Perkins has filed suit against Jean A. Midy, Bon Secours Hospital and "Wexford,"[1] arising from complications due to hernia surgery performed in 2011. Perkins, who is self-represented and filed a motion to proceed in forma pauperis,[2] was granted additional time to supplement the complaint.[3] For reasons that follow, this case will be dismissed without prejudice for lack of jurisdiction and failure to state a claim upon which relief can be granted.

---

[1] Jean A. Midy, M.D. is a surgeon affiliated with Bon Secours Baltimore Health System. *See* http://bonsecoursbaltimore.com/find-a-physician.html. The court takes notice that on July 1, 2012, Wexford Health Sources, Inc. (hereinafter referred to as "Wexford") became the contractual medical provider for inmates housed in Maryland Division of Correction facilities. Prior to July 1, 2012, Wexford served solely as the utilization review management provider for DPSCS and medical services were provided by Corizon, Inc. (f/k/a Correctional Medical Services, Inc.).

[2] Perkins will be granted leave to proceed in forma pauperis for the limited purpose of preliminary screening of the complaint.

[3] Perkins was granted twenty-eight days to provide details to support his claim of inadequate care including: 1) why he believes the treatment was constitutionally inadequate; 2) the names of the medical providers who rendered the allegedly inadequate care; 3) the treatment, if any, he received; 4) specific dates when the violations occurred; and 5) whether he has presented his claims in the state courts of Maryland. The supplemental complaint does not fully provide this information. (Supplement; ECF 4).

I.  Background

Perkins, who is presently confined at the Maryland Correctional Training Center, complains that on January 31, 2011, he was taken to Bon Secours Hospital for a hernia repair. (Complaint at 3, ECF 1 at 4). Perkins was discharged a few hours after surgery. Upon his return to the prison hospital at Jessup Correctional Institution, Perkins was rushed to the hospital for intra-abdominal bleeding. (Complaint, Attach at 2; ECF 1 at 5). According to Perkins. "[t]hey say I was about to die I then inform [sic] them I don't want another surgery here but the next thing I knew I was out." (*Id.*) Perkins remained hospitalized for nine days. Perkins avers that hospital medical providers never informed him what happened to cause them to "cut [his] whole stomach open." (*Id.*). Perkins' complete medical records were not provided to him despite his requests. (*Id.*)

In June of 2012, Perkins obtained his 2011 February radiology report which stated that he had inflammatory changes in his pelvis and a mass could not be ruled out. (Complaint, Attach. ECF 1 at 8). Perkins asserts that he continues to feel pain in his pelvis and abdomen. More recently, x-rays were taken at MCTC showing a "metallic density" on the ride side of his pelvis. (Complaint, Attach at 2-1; ECF 1 at 9). Perkins claims that he still does not know what caused his internal bleeding and continues to suffer pain. As relief, he requests $1,350,000 in damages. (Complaint at 3, ECF 1 at 4).[4]

II.  Standard of Review

Perkins filed his complaint under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible

---

[4] In his supplement, Perkins requests damages of $350,000. (Supplement at 8; ECF 4 at 3).

2

abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

This court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Perkins. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

**III.  Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a federal constitutional right or a right secured by federal law. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). Section 1983 establishes a cause of action against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. However, § 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker*, 443 U.S. at 144 n. 3).

As a preliminary matter, neither Dr. Midy nor Bon Secours, private medical providers, are "persons" who acted under the color of state law and subject to suit under 42 U.S.C. § 1983. Apart from naming Dr. Midy as a defendant, Perkins raises no specific complaints against him. Further, the State of Maryland is immune from suit. Under the Eleventh Amendment to the United States Constitution, a state is immune from suits in federal court brought by its citizens or

3

the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code, § 12-202(a) of the State Gov't Article, it has not waived its immunity under the Eleventh Amendment to a suit of this type in federal court. Thus, this action may not be brought against the State of Maryland. Additionally, insofar as Wexford personnel may have provided medical services during the time at question, *see* infra n. 1, the doctrines of vicarious liability or respondeat superior are generally inapplicable to § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927–99 (4th Cir. 1977); *see also Monell v. Department of Social Services of City of N.Y.*, 436 U.S. 658, 691 (1978). Thus, Wexford cannot be held liable for damages.

Plaintiff fails to identify any federal constitutional basis for his claims against the private health care providers named in his lawsuit. Of import here, "any negligence or malpractice on the part of ... doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference[.]" *Johnson*, 145 F.3d at 166. Without evidence that a doctor ignored symptoms linked to a serious medical condition of which the doctor was aware, the subjective knowledge required for Eighth Amendment liability is not present. *Id*. at 169 (actions inconsistent with an effort to hide a serious medical condition refute presence of doctor's subjective knowledge).

Deliberate indifference requires more than negligence. Generally, a single act or isolated incidents are insufficient to establish § 1983 liability. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citing *Slakan v. Porter*, 737 F.2d 368, 373–74 (4th Cir. 1984)). "Ordinarily [a plaintiff] cannot satisfy

this burden of proof by pointing to a single incident or isolated incidents." *Slakan*, 737 F.2d at 373.

Here, Perkins does not allege that correctional personnel or prison health care providers were deliberately indifferent to his medical needs. At most, Perkins raises allegations of negligence or medical malpractice by medical providers. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").[5] In sum, Perkins allegations of fact do not amount to a claim of constitutional magnitude; thus, this matter will be dismissed for failure to state a claim upon which relief may be granted.

**CONCLUSION**

For these reasons, this case will be dismissed without prejudice. A separate Order follows.

<u>March 24, 2014</u>　　　　　　　　　　　　　　<u>/s/　　　　　　　　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　Ellen Lipton Hollander
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[5] This Opinion is without prejudice to plaintiff's right to pursue a medical malpractice claim in State court. However, the Court expresses no opinion as to plaintiff's likelihood of success should he file a claim of medical malpractice in State court. Plaintiff should be aware that, prior to bringing a medical malpractice claim under Maryland law, a plaintiff must comply with the requirements of Maryland's Health Care Malpractice Claims Act. *See* Md. Code (2006 Repl. Vol. 2012 Supp.), § 3–2a–01 of the Courts and Judicial Proceedings Article ("C. J."). As a condition precedent to any medical malpractice law suit, a plaintiff must exhaust his medical malpractice claim before the Maryland Health Claims Alternative Dispute Resolution Office. *See* C.J. § 3–2a–02; *Carroll v. Konits*, 400 Md. 167, 172 (2007).